**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| J. D. FIELDS & COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-0072 |
| | § | |
| SAMPSON RESOURCES COMPANY, | § | |
| | § | |
| Defendant. | § | |

**<u>ORDER</u>**

Defendant Samson Resources Company has filed a Motion for a More Definite Statement [Doc. # 4] pursuant to Federal Rules of Civil Procedure 12(e), seeking an order requiring Plaintiff J.D. Fields & Company, Inc. to state more factual details to support the putative defamation claim, the tortious interference with business relations claim, and a claim asserted under the Texas Free Enterprise Antitrust Act, Chapter 15 of the Texas Business and Commerce Code, in this case. Plaintiff opposes the relief sought, *see* Doc. # 7, and regurgitates the same sparse facts pleaded in the Plaintiff's Original Petition filed in state court in this case (*see* Doc. # 1). The Court has considered the Motion and Plaintiff's Response, all matters of record, as well as the applicable law.

Federal Rule of Civil Procedure 12(e) provides in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague that or ambiguous that a party cannot reasonably be required to frame a responsive

pleading, the party may move for a more definite statement before interposing a responsive pleading.

Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir. 1959); *Neagley v. Atascosa County EMS,* 2005 WL 354085 (W.D.Tex.2005). Only when a pleading is *so* vague and ambiguous that a responsive pleading cannot be framed is a more definite statement warranted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999); 5C CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1376 (3d ed. 2004). The Supreme Court states that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514(2002). In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion. *See Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.,* No. Civ. A. 99-2626, 2000 WL 134700, at *1 (E.D.La. Feb.1, 2000).

Here, although plaintiff's complaint is not the model of clarity, the Court finds that plaintiff has provided defendants with enough information for them to respond. "The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *St. Paul Mercury Insurance Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). Rule 8(a) provides that the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.

CIV. P. 8(a). Rule 8(e)(1) provides that the averments in a Complaint must be "simple, concise, and direct." FED. R. CIV. P. 8(e).

"The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." *St. Paul*, 224 F.3d at 434. "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The claims alleged are not claims of fraud or mistake, which would require under Federal Rules of Civil Procedure 9(b) more detailed averments. *See* FED. R. CIV. P. 9(b); *Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997))); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

Accordingly, Defendant's Motion is denied without prejudice. Defendant shall file a responsive pleading twenty days after entry of this Order. The parties shall make full and complete initial disclosures within 21 days of entry of this Order. *See* FED. R. CIV. P. 26(a). Thereafter, the parties are permitted to commence discovery. *See* FED. R. CIV. P. 26(d). If asked by Defendant in interrogatories and other discovery, Plaintiff must specify in detail the

factual bases for its claims. Plaintiff will be required to amend its pleadings on or before the "amendment deadline" to be set by the Court at the Initial Pretrial Conference to be held in this case on April 14, 2006. Defendant will be permitted to freely amend its pleadings thereafter.

It is **SO ORDERED**.

SIGNED at Houston, Texas, this **8th** day of **February, 2004**.

_____
Nancy F. Atlas
United States District Judge